The Court,
(Grimke, Waties, Brevard, and Wilds, Justices.)
were of opinion, in regard to the point respecting the amendment, that after judgment on demurrer, it was too late to move (o amend, ¡Sed quaere de hoc..
Upon the other point, the opinion of the court was, that judgment upon the demurrer, in the district court, ought .to have been for the defendants, because cases may happen, wherein it may be proper to conclude a plea of surrender, with a verification, as where a surren. der has been actually made, and which the bail ought to have the benefit of, but which may, nevertheless, not be entered of record, so as to be pleaded with a prout patet per recordum. Hed quaere.
The judgment given in the district court, on the demurrer, was therefore reversed, and judgment was ordered to be entered for the defendants.
Note. When the surrender has been made, the hail piece1 shall be marked and discharged, otherwise, the plaintiff'may proeeed against the bail Comb. 263. For without an exoneretur, they are liable on their recognizance. King v. Sheriff of Essex. 5 T. R 633. The bail piece is discharged, by the master’s entering an exoneretur thereon. See X Sellon's Prac, 171, If defendant surrender him* *467 self in discharge of his bail, it ought to be entered upon record. 1 Roll. 337. Hob. 230. .'ind, therefore, if a surrender be pleaded, he ought to conclude that he is ready to ayer it by tho record. I.atsh 149 Hob. ¿10 And the entry ought to be quod reddidit se in exonerationem manucaptorum suorzim: otherwise, the bail will be charged, although the defendant be in prison. Hob. 210. See Brown v. Van Deuzer. 10 Johns. 51. Action on recognizance conditioned, that if plaintiff commenced a suit, defendant would appear and put in special bail. Plaintiff averred that he did commence, prout patet per recordum. Held that it was a question of fact, to be .tried by a'jury, and not by record, ami the averment was useless. That the record was not conclusive» See 1 ¡did. 220. The party not estopped to deny the fact.